UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JG & M PROPERTIES LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-84-JMB ) |
| DAVID SARANDOS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before this Court is the motion of plaintiff JG & M Properties LLC ("plaintiff") to remand this action to St. Charles County Circuit Court pursuant to 28 U.S.C. § 1447. (ECF No. 13). For the reasons discussed below, the motion will be granted, and this case will be remanded.

### Background

On January 8, 2020, plaintiff filed a Petition for Unlawful Detainer against David Sarandos and Annette Sarandos (collectively "defendants") in the Associate Circuit Division of the St. Charles County Circuit Court. *See JG & M Properties v. David Sarandos et al.*, No. 2011-AC00192 (11th Jud. Cir. 2020). In the petition, plaintiff alleged it purchased property that was previously owned by the defendants and served the defendants a notice to vacate the premises, but the defendants refused to comply. Plaintiff sought judgment against the defendants for possession of the premises, plus damages and monthly rent.

On January 17, 2020, defendants filed a Notice of Removal in this Court stating simply: "Notice of Removal US Code 15 USC 1692 Unfair and Deceptive Collection." (ECF No. 1). On February 4, 2020 they filed what appears to be an amended removal notice in which they averred

the action was being removed to this Court "under the authority of 28 USC § 1331." (ECF No. 9 at 2). Neither document contained other statements of the grounds for removal. Defendants also filed a motion seeking the dismissal of this action. In support, they argued that plaintiff lacks the attributes necessary to possess the property because plaintiff does not actually exist.

Plaintiff filed the instant motion on February 12, 2020, seeking remand pursuant to 28 U.S.C. § 1447(c). In support, plaintiff argues that federal question jurisdiction is absent because the state court petition is based solely upon state law, and defendants cannot establish federal question jurisdiction by asserting a federal defense. Plaintiff also contends there is no basis for jurisdiction on the basis of diversity of citizenship because all parties are Missouri citizens. Defendants have not responded to the motion, and the time for doing so has passed.

## Discussion

Plaintiff's motion is well taken. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the action must arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met. *Id.*; *see also Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party seeing removal and opposing remand bears the burden of establishing federal

jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Doubts concerning federal jurisdiction should be resolved in favor of remand. *Id.*

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (emphasis added); *see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002) (the well-pleaded complaint rule governs whether a case "arises under" federal law for purposes of determining federal question jurisdiction).

Here, review of plaintiff's petition shows it is based solely upon Missouri law. It presents no federal question, and therefore can provide no basis for federal question jurisdiction. Defendants can be understood to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331 because they have a defense premised upon federal law. However, it is well-settled that a case cannot be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint. *Caterpillar Inc.*, 482 U.S. at 393.

Therefore, if jurisdiction exists at all, it must be predicated upon diversity of citizenship. In the instant motion and in the state court file, it is indicated that plaintiff is a Missouri limited liability company with its principal place of business in Missouri, and that the defendants are also Missouri citizens. Defendants make no attempt to establish otherwise. There is therefore no basis for jurisdiction under 28 U.S.C. § 1332. Even if the requirements for diversity jurisdiction were met, this action would not be removable because both defendants are citizens of Missouri, where the action was brought. *See* 28 U.S.C. § 1441(b)(2) (actions removable solely on the basis of diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

3

Accordingly, this action will be remanded to St. Charles County Circuit Court. Defendants' motion seeking leave to commence this action without payment of the filing fees, and their motion to dismiss, will be denied as moot.

Plaintiff has also filed a motion seeking an award of attorneys' fees and costs incurred in seeking remand of this case. Plaintiff argues that the defendants had no objectively reasonable basis for removal, as federal and state law clearly establish that an unlawful detainer action does not create federal question jurisdiction, and a case cannot be removed to federal court on the basis of a federal defense.

The motion will be denied, without prejudice. Plaintiff is correct that in remanding this case, this Court may require payment of attorney fees and costs incurred as a result of the removal. 28 U.S.C. § 1447(c). A party's *pro se* status does not prevent the Court from awarding attorneys' fees. However, the Court will give defendants the benefit of the doubt that, as *pro se* litigants, they did not know that a case cannot be removed to federal court on the basis of a federal defense.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 11th Judicial Circuit Court of the County of St. Charles. A separate order of remand will be entered herewith.

**IT IS FURTHER ORDERED** that defendants' motion for leave to proceed *in forma pauperis* (ECF No. 2) and motion to dismiss (ECF No. 4) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys' fees (ECF No. 12) is **DENIED** without prejudice.

Dated this 9th day of March, 2020.

                                           _____
                                           JOHN A. ROSS
                                           UNITED STATES DISTRICT JUDGE